IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                              CASE NO. 3:10CR39/LAC

GREGORY PAUL VIOLETTE II
_____\

PLEA AND COOPERATION
AGREEMENT

1. PARTIES TO AGREEMENT

This agreement is entered into by and between Gregory Paul Violette II, Thomas Keith, attorney for the defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal or administrative claim against the defendant.

2. TERMS

The parties agree to the following terms:

    a.    The Defendant will plead guilty as charged to counts one, two, three, four and five of the Indictment. Counts one, two, three and four charge the defendant with selling a firearm or firearms to a convicted felon on different occasions, in violation of Title 18 U.S.C. Sections 922(d)(1) and 924(a)(2). The statutory penalties for each offense

FILED IN OPEN COURT THIS
4/27/10

include a maximum term of 10 years imprisonment, a $250,000.00 fine, a 3 year term of supervised release and a $100 monetary assessment. Count Five charges the defendant with making a false statement in the attempted acquisition of firearms, in violation of Title 18, United States Code, Section 922(a)(6) and 2. The penalties for this offense include a maximum possible term of ten (10) years imprisonment, three (3) years supervised release, a fine of up to $250,000 and a $100 special monetary assessment.

    b. Defendant is pleading guilty because he is in fact guilty of the charges contained in the indictment and because the government could prove his guilt beyond a reasonable doubt.

    c. Upon the District Court's adjudication of guilt of the Defendant for violation of 18 U.S.C. §§ Sections 2 and 922, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the defendant arising out of the same transactions or occurrences to which the defendant has pled.

    d. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement. Should the defendant be charged with any offense alleged to have occurred after entry into this agreement, any statements, information or other evidence disclosed to the Government during the defendant's cooperation may be used against the defendant in any such prosecution.

    e. The United States Attorney agrees not to recommend a specific sentence. However, both parties have the right to advise the District Court and other authorities of

their versions of the offenses committed by the defendant. Both parties have the right to argue positions under the Sentencing Guidelines, including requests for departures from the guideline range.

  f. The Defendant agrees to cooperate fully and truthfully with the United States Attorney and his designated representatives and with agencies identified by the United States Attorney. Such cooperation shall include but is not limited to providing complete and truthful debriefings and testimony at grand jury, trial, and as otherwise requested, involving any matter under investigation. The Defendant specifically waives any Fifth Amendment privilege and any other privilege inconsistent with the cooperation required by this agreement.

  g. The defendant further acknowledges the right of the United States Attorney's Office to require the defendant to submit to a polygraph examination conducted by the Government to assist in determining the defendant's truthfulness and completeness of the information provided by the defendant as it pertains to both criminal conduct of the defendant and others, as well as assets forfeitable to the Government.

  h. Defendant and defense counsel agree to allow Defendant to be interviewed as part of Defendant's cooperation under this agreement by the government or its state and/or local designees without prior notice or the presence of counsel, to include testimony in all necessary proceedings related to the information provided as part of the Defendant's cooperation.

  i. If all terms and conditions of this agreement are satisfied and there exists no

cause for revocation as outlined in Section 3, any statements made by the Defendant pursuant to this agreement will be treated by the United States as given under Rule 11(f), Federal Rules of Criminal Procedure, Rule 410, Federal Rules of Evidence and Sentencing Guideline Section 1B1.8.

j. Defendant understands that conviction on this charge may adversely affect the immigration status of the Defendant and may lead to deportation.

k. If, **in the sole discretion of the United States Attorney**, the Defendant is deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, if the Defendant has otherwise complied with all terms of this agreement, and if this assistance is prior to sentencing or within the time provided by Rule 35, Federal Rules of Criminal Procedure, then the United States Attorney will file a substantial assistance motion. Determination whether the defendant has provided substantial assistance will not depend upon charges being filed or convictions being obtained as a result of defendant's cooperation. **Should a substantial assistance motion be filed, the granting of relief and the extent of relief is left solely to the discretion of the District Court.**

### 3. REVOCATION

a. The parties agree that the United States Attorney may revoke this agreement upon showing, by a preponderance of the evidence, any of the following:

1. that defendant has refused to cooperate as required by this agreement;

2. that defendant's statements or testimony has been untruthful or incomplete;

3. that defendant has failed to comply with any of the terms of this agreement;

4. that defendant has any criminal liability for homicide; or

5. that defendant has engaged in further criminal conduct after entering into this agreement.

b. If this agreement is revoked,

1. The plea of guilty entered by the defendant pursuant to this agreement and any judgment entered thereon shall remain in full force and effect and will not be the subject of legal challenge by the defendant.

2. The United States may file charges without limitation by this agreement.

3. All statements, information and other evidence provided by the defendant pursuant to this agreement or under Rule 11, Federal Rules of Criminal Procedure, may be used against the defendant in any proceeding in this or any other action.

4. **The defendant, regardless of cooperation, and at the sole discretion of the United States Attorney, may be deemed not to have provided substantial assistance**.

## 4. SENTENCING

a. **The parties agree that any sentence to be imposed is left solely to the discretion of the District Court**, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any

mandatory minimum sentence prescribed by statute for the offense.

  b. Defendant understands that **any prediction of the sentence which may be imposed is not a guarantee or binding promise**. Because of the variety and complexity of issues which may arise at sentencing under the Sentencing Guidelines, the sentence may not be subject to accurate prediction. Further, the Court is not limited to consideration of the facts and events provided by the parties and any adverse rulings, or a sentence greater than anticipated, shall not be grounds for withdrawal of Defendant's plea

  c. If, in the sole discretion of the United States Attorney, the defendant is deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, if the Defendant has otherwise complied with all terms of this agreement, and if this assistance is prior to sentencing or within the time provided by Rule 35, Federal Rules of Criminal Procedure, then the United States Attorney will file a substantial assistance motion. Should such a motion be filed, the United States Attorney may choose to file a motion under 18 U.S.C. §3553(e) (allowing sentences below applicable mandatory minimums), or under Sentencing Guidelines §5K1.1 (allowing sentence below defendant's range under the Sentencing Guidelines), or under both provisions, as the United States Attorney may choose in his absolute discretion. Determination whether the defendant has provided substantial assistance will not depend upon charges being filed or convictions being obtained as a result of defendant's cooperation. Should the United States exercise the discretion reserved to it by this agreement and not file a substantial assistance motion, the defendant agrees that such

a decision on the part of the United States is subject to legal challenge only if made for constitutionally impermissible reasons (such as race or religion) as set forth in Wade v. United States, 504 U.S. 181, 185 (1992). **Should a motion be filed, the granting of relief and the extent of relief is left solely to the discretion of the District Court.**

d. The parties reserve the right to appeal any sentences imposed.

## CONCLUSION

There are no other agreements between the United States Attorney, Northern District of Florida and the Defendant, and the Defendant enters this agreement knowingly, voluntarily and after having conferred with counsel.

_____
Thomas Keith
Attorney for Defendant

4/27/10
_____
Date

_____
Gregory Paul Violette II

4/27/10
_____
Date

THOMAS F. KIRWIN
United States Attorney

_____
Edwin Knight
Florida Bar No. 380156
Assistant U.S. Attorney
Northern District of Florida
21 E. Garden Street
Pensacola, Florida 32501
850-444-4000

4-27-10
_____
Date

7